# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| ELIJAH LAMAR BOOKER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:22-cv-01064-LCB-SGC |
| SHERIFF KEVIN TURNER, *et al.*, | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

The magistrate judge entered a report on June 15, 2023, recommending the dismissal of this action without prejudice under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief can be granted. (Doc. 12). The magistrate judge also recommended the plaintiff's request that his case be handled by the U.S. Courthouse in Birmingham be denied as moot. (Docs. 8, 12). The court received the plaintiff's objections to the report and recommendation on June 28, 2023. (Doc. 13).

The plaintiff makes several objections that appear aimed at bolstering and clarifying the facts surrounding his claims he was placed on probation unlawfully and remains unlawfully detained on a pending state charge. (Doc. 13 at 2-4, Nos. 1-4, 6-8). These objections do nothing to rebut the bases for the magistrate judge's recommendation the claims be dismissed: that the claim the plaintiff was placed on probation unlawfully is not cognizable under § 1983 and that *Younger v. Harris*, 401

U.S. 37 (1971), requires the court to abstain from hearing the claim the plaintiff remains unlawfully detained in connection with a pending state charge.

The plaintiff objects to what he characterizes as the magistrate judge's purposeful rearrangement and omission of facts pleaded in his complaint. (Doc. 13 at 3, No. 5). It is clear that to the extent the magistrate judge "re-arranged" facts pleaded in the plaintiff's complaint when reciting those facts in the report and recommendation, the goal was clarity. And the plaintiff has not identified any facts pleaded in his complaint, but omitted from the report and recommendation, that would alter the conclusions reached by the magistrate judge.

The plaintiff objects to the magistrate judge's conclusion he did not state a constitutional claim in relation to the allegations he resided in a cell with a toilet that retained its contents for periods of time over a finite number of days until maintenance personnel remedied the malfunction. (Doc. 13 at 4, Nos. 9-10). But his objection is based on his personal conviction these conditions were "weird," "offensive," and "inhumane." He does not show the magistrate judge's legal analysis of the allegations was incorrect.

The plaintiff recites several of the magistrate judge's findings of fact and conclusions of law and simply states, "I respectfully object." (Doc. 13 at 5-7, Nos. 1, 3-10). He does not identify the basis of the objections and, consequently, has not shown the magistrate judge committed error.

2

Finally, the plaintiff objects to any determination one or more of his claims is time-barred. (Doc. 13 at 5, No. 2). The magistrate judge did not determine any of the plaintiff's claims are time-barred. The "Standard of Review" section of the report and recommendation noted a court should dismiss a claim if it is time-barred. (Doc. 12 at 3). But the magistrate judge did not recommend dismissal on statute of limitations grounds in this case.

After careful consideration of the record in this case, including the magistrate judge's report and the plaintiff's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation and 28 U.S.C. § 1915A(b), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted. Additionally, the plaintiff's request that his case be handled by the U.S. Courthouse in Birmingham (Doc. 8) is due to be denied as moot. Finally, the court **DIRECTS** the Clerk to amend the docket to reflect that the correct spelling of Sheriff Turner's name is "Kevin," not "Kelvin."

A final judgment will be entered.

**DONE** and **ORDERED** July 24, 202323.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE